**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2617
_____

YAN YAN,

Appellant

v.

PENNSYLVANIA STATE UNIVERSITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 14-cv-01373)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 2, 2015

Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Opinion filed: December 8, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Yan Yan appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed her complaint against Pennsylvania State University. Yan appeals pro se and, having granted her leave to proceed in forma pauperis, we must determine whether this appeal is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We conclude that there is no arguable basis to challenge the District Court's order.[1]

The Magistrate Judge's Report and Recommendation (dkt. #79) ably sets out all the reasons why Yan's amended complaint failed to state a claim upon which relief could be granted: most of the claims were barred by res judicata, the statute of limitations, or failure to exhaust administrative remedies, and her only arguably timely claim was completely without merit.[2]

Instead of challenging the District Court's legal reasoning, Yan raises three frivolous claims in her brief: (1) the District Court erred by failing to grant her motion to file an amended complaint; (2) the District Court erred by dismissing her amended

---

[1] We have jurisdiction under 28 U.S.C. § 1291 to review the District Court's June 29, 2015 order dismissing Yan's complaint. We exercise plenary review over a district court's decision to grant a Rule 12(b)(6) motion to dismiss. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

[2] Yan claimed that Penn State discriminated against her when she resubmitted applications for a PhD degree in 2011 and 2014. But she was not a Penn State student in 2011 or 2014. Yan has not given any legal support for her frivolous claim that Penn State was required to confer a degree on an applicant who is not a student.

2

complaint, since Penn State consented to its filing; and (3) Penn State's motion to dismiss "conflicts" with its concession that she was permitted to file an amended complaint and it thus should have been sanctioned.

First, the District Court in effect *granted* her motion to file an amended complaint, as it ordered the Clerk of Court to file docket #42-1 as an amended complaint. Second, Penn State was in no way precluded from filing a motion to dismiss her amended complaint. In fact, the rules provide that such a motion may be filed in lieu of an answer. Fed. R. Civ. P. 12(b)(6); <u>United States v. $8,221,877.16 in U.S. Currency</u>, 330 F.3d 141, 153 (3d Cir. 2003) (civil defendant may respond to complaint with motion to dismiss). Third, because Penn State was allowed to file a motion to dismiss, there was no reason for the District Court to sanction it for doing so.

Because there is no arguable basis for challenging the District Court's order, we will dismiss the appeal as frivolous.[3]

---

[3] Appellant's Motion to Compel the University for Issuance of a PhD Degree in Genetics, Payment for Damages and for Leave to File Exhibits Under Seal is granted to the extent Yan seeks to have the exhibits filed under seal; it is denied in all other respects. Yan's remaining pending motions are also denied.